1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
STACIE CAVNER, *et al.*,                          )
                                                              )          No. C12-1092RSL
                                Plaintiffs,           )
                                                              )
                v.                                            )
                                                              )          ORDER REMANDING ACTION AND
CONTINENTAL MOTORS, INC., *et al.*,        )          DENYING REQUEST FOR
                                                              )          ATTORNEY'S FEES
                                Defendants.         )
_____)

        This matter comes before the Court on "Plaintiffs' Motion for Remand and for

Costs and Attorney Fees Pursuant to 28 U.S.C. § 1447." Dkt. # 34.[1]  Plaintiffs sued three private

corporations that were involved with the design, manufacture, maintenance, and/or inspection of

an airplane engine that lost power during takeoff on June 1, 2010.  Plaintiffs allege that

defendant Northwest Seaplanes, Inc. ("NW Seaplanes") rebuilt the engine in May 2003,

maintained the engine thereafter, and inspected the engine in August 2009.  Plaintiffs further

allege that, despite knowing that cylinders three and four of the engine had low compression,

NW Seaplanes did not advise the owner, plaintiff Preston Cavner, of the problem or warn him

that the aircraft should not be flown until the problem was corrected.  Based on these allegations,

plaintiffs assert state law causes of action against NW Seaplanes under the Washington Product

_____

        [1]  The Court finds that this matter can be decided on the papers submitted by the parties.
Defendants' request for oral argument is therefore DENIED.

ORDER REMANDING ACTION AND
DENYING REQUEST FOR  ATTORNEY'S FEES

Liability Act and theories of strict liability, negligence, and breach of warranty.  NW Seaplanes removed this case from King County Superior Court, arguing that state law is completely preempted by the Federal Aviation Act ("FAA") and the regulations promulgated thereunder and that the employee who conducted the August 2009 inspection acted "under a federal officer" and is entitled to a federal forum.

Generally, a defendant in state court has the right to remove the case to federal court if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds).  See 28 U.S.C. § 1441(b).  The burden of establishing federal jurisdiction is on the removing party (Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)), and the removal statutes are strictly construed against removal (Nevada v. Bank of Am. Corp.., 672 F.3d 661, 667 (9th Cir. 2012)).  The parties apparently agree that the well-pled complaint in the above-captioned matter contains only state law claims and that a finding of complete preemption or federal officer jurisdiction is necessary to justify removal.

**A.  Complete Preemption**

Although plaintiff is usually the master of her own complaint and may choose whether to assert state or federal causes of action, where Congress has imposed federal law over an entire regulatory area, state law claims that touch on that area are deemed to arise under federal law and give rise to federal question jurisdiction.  This conversion of state law claims to federal claims is "extraordinary" and occurs only where Congress has indicated its intent to exclude the state from any role in the regulated area.  K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011); Martin v. Midwest Express Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009).  The fact that defendant will assert preemption as a defense to the state law claim, standing alone, does not confer federal question jurisdiction:  the state court is just as capable of deciding the merits of defendants' preemption defense as is this Court.  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  Rather, "[t]he touchstone of

preemption is congressional intent," and NW Seaplanes, as the party claiming federal jurisdiction, must show that Congress intended to exclude all state law claims arising from airplane maintenance and/or inspection.  <u>Martin</u>, 555 F.3d at 808.[2]

Defendants' argument that Congress intended to exclude the state from any role in the area of airline inspections and maintenance is unpersuasive.  The FAA expressly states that the remedies provided in the Act are not exclusive.  49 U.S.C. § 40120(c) ("A remedy under this part is in addition to any other remedies provided by law.").[3]  The FAA also requires airlines to maintain liability insurance to pay for bodily injury or wrongful death arising from the operation or maintenance of aircraft.  49 U.S.C. § 41112.  Since the FAA does not create a private cause of action for personal injury suits, "this clause can only contemplate tort suits brought under state law."  <u>Martin</u>, 555 F.3d at 808.  The absence of a federal cause of action for persons injured during air travel, combined with the lack of an express preemption provision, also suggests that Congress did not intend to completely preempt state action in this area.  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 318 (2005).

Congress' purposes in enacting the FAA – to "promote safe flight of civil aircraft in air commerce" – does not support a finding of complete preemption.  49 U.S.C. § 44701(a).  Unlike other statutes with preemptive effect, such as the National Labor Relations Act and the Carmack Amendment, the FAA was not enacted in order to establish nationwide uniformity in

---

[2]  A state law claim may also be subject to federal jurisdiction if plaintiff's "right to relief under the state law requires resolution of a substantial question of federal law in dispute between the parties" (<u>Franchise Tax Bd.</u>, 463 U.S. at 13), as is generally found to be the case where a cause of action requires interpretation of a collective bargaining agreement under the National Labor Relations Act (<u>Detabali v. St. Luke's Hosp.</u>, 482 F.3d 1199, 1203 (9th Cir. 2007)).  NW Seaplanes has not asserted that plaintiffs' claims "arise under" the laws of the United States because they involve substantial questions of federal law.

[3]  In marked contrast, Congress expressly preempted state and local regulation "related to a price, route, or service of an air carrier" when it enacted the Airline Deregulation Act of 1978 (49 U.S.C. § 41713(b)(1).

ORDER REMANDING ACTION AND
DENYING REQUEST FOR  ATTORNEY'S FEES         -3-

1   its sphere, but rather to promote safety in air travel and commerce.  H.R. Rep. No. 85-2360 at 1

2   (1958), 1958 U.S.C.C.A.N. 3741 (express purpose of the FAA is to "establish a new federal

3   agency with powers adequate to provide for the safe and efficient use of the navigable airspace

4   by both civil and military operations").  Such a purpose would not be compromised by

5   concomitant state regulation.  State products liability and negligence laws, such as those asserted

6   by plaintiffs here, would presumably encourage care in design, manufacturing, and maintenance

7   activities.  There is no reason to suspect that Congress intended *sub silentio* to make such laws

8   inapplicable to aircraft and their component parts.

9           Finally, a review of the statutory provisions and regulations related to plaintiffs'

10  claims shows that the federal regulations are not so pervasive as to give rise to a finding that

11  Congress intended to exclude the states from a role in ensuring the safety of aircraft inspection

12  and maintenance activities.  The Administrator of the FAA is charged with prescribing

13  "minimum standards required in the interest of safety," suggesting that other sources, such as

14  state law, may impose additional requirements.  49 U.S.C. § 44701.  The regulations adopted by

15  the Administrator require that maintenance be performed in accordance with the manufacturer's

16  manual or instructions (or using "methods, techniques, and practices acceptable to the

17  Administrator") and that inspectors utilize a check list patterned after 14 C.F.R. Part 43,

18  Appendix D.  14 C.F.R. § 43.13(a); 14 C.F.R. § 43.15(c)(1).  It is possible that state laws

19  purporting to impose contrary, or even additional, requirements would be subject to conflict

20  preemption.  "A defense of conflict preemption . . . does not provide a basis for federal question

21  jurisdiction," however.  Marin Gen. Hosp. v. Modesto & Empire Traction, Co., 581 F.3d 941,

22  949 (9th Cir. 2009).  In addition, the regulations identified by defendants are silent regarding

23  issues that are relevant to plaintiffs' claims in this case.  What, for example, is the remedy if the

24  prescribed maintenance or inspection is done in a negligent or reckless manner, causing bodily

25  injury?  What is the mechanic's or inspector's duty of communication regarding defects they

26

ORDER REMANDING ACTION AND
DENYING REQUEST FOR  ATTORNEY'S FEES          -4-

discover, but which are unknown to persons using the aircraft?  Defendants would have the Court assume that, because the FAA and implementing regulations do not provide for a private cause of action in the circumstances presented here, Congress meant to prohibit such actions. The presumption is against preemption, however,[4] and neither the language and purpose of the statute nor the implementing regulations show that Congress intended to completely preempt state law.  In addition, defendants' argument sweeps too broadly.  Products liability and negligence claims arising out of aircraft disasters are regularly permitted to proceed:  if defendants were correct and the FAA excluded all state causes of action, such claims could never be brought in any forum.

For all of the foregoing reasons, the Court finds that NW Seaplanes has failed to show that Congress intended to occupy the field of aircraft maintenance and inspection to the exclusion of state law.  Having failed to show that plaintiff's state law claims must necessarily be converted to federal claims, NW Seaplanes has failed to establish federal question jurisdiction.

**B. Federal Officer Jurisdiction**

Pursuant to 28 U.S.C. § 1442(a), a civil action commenced against any officer of the United States "or any person acting under that officer" may be removed to federal court.  "A party seeking removal under section 1442 must demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal

_____

[4] Although air travel and control of air space has been under federal control since the mid-1950's, ensuring that products sold and services provided to its citizens are safe for their ordinary and intended use is a role traditionally filled by the states.  Where state law has an historic presence, respect for the states as "independent sovereigns in our federal system" leads courts to presume that "Congress does not cavalierly pre-empt state-law causes of action." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996).  See Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 638 (1973) (in applying the presumption against preemption in a case involving local airport noise regulations, the Supreme Court focused on the historic presence of state law in regulating noise rather than the existence of federal regulations regarding air travel).

officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (internal quotation marks omitted).

NW Seaplanes argues that its employee, Kenneth Schuette, was acting under a federal officer when he inspected the aircraft in August 2009. Mr. Schuette holds an Inspection Authorization granted by the FAA which allows him to inspect aircraft and return them to service. Mr. Schuette is not, however, a named defendant in this case and is not entitled to remove this action to federal court. Nor is there any indication that NW Seaplanes itself was acting as a representative of the FAA or was subject to the agency's substantial and direct control when Mr. Schuette conducted the inspection. Swanstrom v. Teledyne Continental Motors, Inc., 531 F. Supp.2d 1325, 1332-33 (S.D. Ala. 2008). Thus, there is no basis for NW Seaplanes to remove based on federal officer jurisdiction.[5]

**C. Costs and Attorney's Fees**

The Court finds that the jurisdictional issues discussed above are challenging and, in the context of the FAA, appear to be in flux at the moment. Defendants' removal was not objectively unreasonable, and the Court declines to assess costs and fees against the removing parties.

---

[5] The Supreme Court has described private persons to whom the agency delegates authority as "surrogates of the FAA in examining, inspecting, and testing aircraft for the purposes of certification." United States v. S.A. Empresa de Viacao Aerea Rio Grandense, 467 U.S. 797, 807 (1984). The FAA has taken the position that "[w]hen performing a delegated function, designees are legally distinct from and act independent of the organizations that employ them." 70 Fed. Reg. 59,932, 59,933 (Oct. 13, 2005). The impact such delegated authority may have on plaintiff's attempts to hold NW Seaplanes liable under state law for the inspection activities of Mr. Schuette is not clear, but can be determined by the state court.

ORDER REMANDING ACTION AND
DENYING REQUEST FOR ATTORNEY'S FEES          -6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

      For all of the foregoing reasons, plaintiffs' motion for remand (Dkt. # 34) is GRANTED and their request for attorney's fees is DENIED.  Plaintiffs' motion to stay proceedings (Dkt. # 36) is DENIED as moot.

      Dated this 27th day of September, 2012.

Robert S. Lasnik
United States District Judge

ORDER REMANDING ACTION AND
DENYING REQUEST FOR  ATTORNEY'S FEES      -7-